### WILLIAM H. MASON
### *v.*
### FRANCES H. JONES.

1. WITNESS — *disqualification from interest.* Mrs. J. was indebted to M. $106, and at the same time held a note and mortgage against him for $300, which she sold to D., with the understanding that the interest on the note was paid to that date by the account of M. against her. D. foreclosed the mortgage and took a decree against M. for the whole amount due on the face of the note, including interest. D. bought the mortgaged premises at the master's sale for the amount of the decree, and sold the certificate to H. M. then brought suit against Mrs. J. to recover the amount of his unpaid account. *Held,* That D. was not a competent witness for the defendant.

2. INSTRUCTIONS. An instruction, although correct law, may well be refused, if it has been substantially given in another form, or if it is not pertinent to the issues, and so clearly expressed as not to mislead an ordinary jury.

WRIT OF ERROR to the Circuit Court of the county of Marion; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, brought by the plaintiff in error, William H. Mason, against the defendant in error, Mrs. Jones, for goods sold and delivered. The verdict and judgment below were for the defendant. The case was brought to this court on a question arising upon the admissibility of a witness. The facts are stated in the opinion of the court.

Mr. HENRY C. GOODNOW, for the Plaintiff in Error.

Messrs. O'MELVENY & MERRITT, for the Defendant in Error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Mrs. Jones, formerly Mrs. Roach, was indebted to Mason about $106, for goods sold and delivered. At the same time she held a note, secured by mortgage, against him for $300, which she sold to one Drake, in 1861, with the understanding, according to the evidence of Drake himself, that the interest on the note was paid to that date by Mason's account against her.

In August, 1861, Drake obtained a decree on the mortgage against Mason for $402.50, the whole amount due on the face of the note, the interest being computed from its date. There was a sale of the mortgaged premises under the decree, for the full amount thereof; a certificate of purchase issued to Drake, and a subsequent transfer of the certificate to one Hults. Mason brings this suit against Mrs. Jones to recover the amount of his unpaid account. It seems to have been defended below on the theory of a fraudulent collusion between Mason and Hults, and there was a verdict for the defendant.

The deposition of Drake was taken by the defendant below, and read on the trial against the objections of the plaintiff, who had excepted to it, on the ground, among others, that the witness was incompetent from interest. The exception was well taken. The interest is disclosed on the face of the deposition. The witness states that he bought the $300 mortgage, with the understanding that the interest was paid to that date. He soon afterwards obtained a decree for $402.50, which included all the interest that had accrued upon the note from its date. He afterwards sold the certificate of purchase to Hults. Under this state of facts it is manifest that, if a judgment is rendered against the defendant, there will be a liability over, on the part of Drake, to her, for at least the amount which Drake received from Hults, beyond what would have been due if the decree had only covered the interest from the date of the assignment of the mortgage to Drake. We do not say that the liability would not go further than that, but we consider there can be no question about it to that extent. If, on the other hand, the verdict and judgment are for the defendant, no liability over on the part of Drake arises.

An error is assigned on the refusal of one of the instructions asked by plaintiff. Whether the instruction was in itself right or wrong, it was properly refused, because it was substantially given, in a slightly varied form, in one of the other instructions. The Circuit Courts do wisely when they refuse to give to the jury the same proposition of law, repeated under as many different forms as the ingenuity of counsel can devise. Nearly all

cases depend upon a very few legal principles, and these principles should be embodied in as few and brief instructions as possible. The Circuit Courts are often asked to read to the jury many pages of instructions, which may contain very correct law, but the only effect of which would be to confuse and bewilder the unfortunate juries to whom they may be given. An instruction should be refused if it has been substantially given in another form, or unless it is clearly pertinent to the issues, and so plainly and clearly drawn as not to mislead an ordinary jury.

For the error in admitting in evidence the deposition of Drake, the judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*